UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TITO A. THOMAS, | No. 2:16-cv-2347-KJM-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA VICTIM COMPENSATION PROGRAM, et al., | |
| Defendants. | |

Title 28 U.S.C. § 1406 provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Additionally, 28 U.S.C. § 1404 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought…." 28 U.S.C. § 1404(a).

In this case, plaintiff Tito Thomas, who proceeds without counsel, alleges that the City of Hawthorne and its City Attorney failed to help plaintiff when police officers broke into plaintiff's house without a search warrant around December 31, 2008. According to plaintiff, he was locked up for 6 days, was hit over the head and not taken to the hospital, and it "felt like racial profiling." Plaintiff further claims that the City of Hawthorne gave him paperwork to give to the California

Victim Compensation Program. Plaintiff names as defendants the City of Hawthorne; the City of Hawthorne former chief of police, Michael Heffner; the City of Hawthorne City Attorney, Alison Stevens; and the California Victim Compensation Program. It is unclear exactly what legal claims are asserted. (See generally ECF No. 1.)

Because the City of Hawthorne is located in Los Angeles County, the events at issue in this action took place in the Central District of California, and all of the defendants involved in the acts alleged in the complaint are located in the Central District of California. As such, the action should be transferred pursuant to 28 U.S.C. § 1406(a).

The court notes that the head office for defendant California Victim Compensation Program is located in Sacramento, California. However, the complaint fails to allege any specific wrongful acts committed by the California Victim Compensation Program, and it is unclear why it is even named as a defendant. Nevertheless, even assuming that venue were not technically improper in this district, the action should nonetheless be transferred pursuant to 28 U.S.C. § 1404(a). As noted above, the events at issue in the action took place in the Central District of California, all defendants directly involved in the acts alleged in the complaint are located in the Central District of California, and plaintiff himself resides in the Central District of California. As such, the vast majority, if not all, of the potential witnesses and evidence are located in the Central District of California. Finally, the court notes plaintiff already has an action pending in the Central District of California against the California Victim Compensation Program and Michael Heffner. See Thomas v. California Victim Compensation Program, et al., CV 16-5924-JLS (RAO).[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall transfer this action, including the pending motion to proceed *in forma pauperis*, to the United States District Court for the Central District of California.

////

---

[1] The court leaves it to the Central District of California to determine whether the actions should be related or whether they are potentially duplicative.

2. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: October 11, 2016

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE